IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOANN McRAE,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )        CIVIL ACTION NO. 2:07cv533-WC
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
          Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Joann McRae (McRae) applied for disability insurance benefits pursuant to Title II

of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental security

income benefits under Title XVI, 42 U.S.C § 1381 *et seq.* (hereinafter collectively the

Act).  McRae's application was denied at the initial administrative level.  McRae then

requested and received a hearing before an Administrative Law Judge (ALJ).  Following

the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent

request for review.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129,

131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. §

405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate

Judge.  Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #8).

Based on the Court's review of the record and the briefs of the parties, the Court

AFFIRMS the Commissioner's decision.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous
> period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential

evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920 (2003).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of
> Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

"not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g);  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income  (SSI) case.  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

III.   ISSUES

A.   *Introduction*

McRae was forty-eight years old and had completed the seventh grade at the time of the hearing before the ALJ.  (Tr. 192-93).  McRae's prior work experience included employment as a home attendant and textile inspector.  (Tr. 276-77).

Employing the five step process, the ALJ found McRae had not engaged in substantial gainful activity at any time relevant to the decision (Step 1).  (Tr. 16).  At Step 2, the ALJ found McRae suffered from the following severe impairments: lumbar degenerative disc disease; osteoarthritis in the knees and joints; and obesity.  *Id*. Nonetheless, the ALJ found McRae did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3).  *Id*.  At Step 4, the ALJ determined McRae did not possess the residual functional capacity (RFC) to perform any relevant past work.  (Tr. 21).

At Step 5, the ALJ evaluated McRae's RFC, age, education, and work experience, as well as testimony from a vocational expert (VE) regarding the availability in significant numbers of other work McRae could perform in the national economy.  Upon consideration of this evidence, the ALJ determined McRae possessed the RFC to perform jobs that exist in significant numbers in the national economy.  (Tr. 21).  Consequently, the ALJ found McRae was not disabled within the meaning of the Act.  (Tr. 22).

**B.    McRae's Claims**

McRae's claims are as follows: "(1) Does substantial evidence support the ALJ's [RFC] assessment?[;]  (2) While the ALJ found that Plaintiff's obesity [was] a severe impairment, he failed to comply with SSR 02-01p[;]  (3) The ALJ failed to comply with 20 C.F.R. section 404.1527 in not according adequate weight to the opinion of the plaintiff's treating physician."  (Doc. #14 at 7).

**IV.    DISCUSSION**

**A.    Whether substantial evidence supports the ALJ's RFC assessment.**

McRae argues substantial evidence does not support the ALJ's RFC determination that McRae could perform medium work and the ALJ failed to "provide reasons with requisite specificity for [his] medium RFC" determination.  (Doc. #14 at 8).  McRae claims the "only source for a medium RFC is the DDS non-examining Dr. (R129)[,] however the opinion of a non-examining reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision."  (Doc. #14 at 8).

The record shows the ALJ did not merely rely on the "DDS non-examining Dr." in determining McRae could perform medium work, but on all of the medical opinions and medical records contained in the record.  And, the ALJ's determination was consistent with the medical evidence presented in this case.  For example, Doctor Michael E. Davis (Dr. Davis) informed McRae she could return to work and resume her normal activities

5

and found she had 0% disability.  (Tr. 114, 115).  McRae told Dr. Davis on 1 October

2004, she had no complaints and had returned to regular work duties.  *Id*.  McRae was

repeatedly advised she should lose weight and begin an exercise and/or walking program.

(Tr. 101, 113, 115, 140, 171, 172).  As the ALJ correctly noted, "[t]here is no treating or

examining physician that opined claimant would be precluded from performing work

activity at all exertional levels from a physical stand point."  (Tr. 20).

McRae also argues "the only Medical Source Statement completed by an

examining physician was rejected by the ALJ in error."  (Doc. #14 at 8).  The Court is

unclear as to what error McRae alleges the ALJ made in rejecting "the only Medical

Source Statement completed by an examining physician."  The Court assumes McRae is

referring to the unsigned and incomplete Medical Source Statement by Doctor Tarek A.

Nessouli (Dr. Nessouli) on pages 138 and 139 of the record.

To the extent McRae is arguing the ALJ's error was in failing to comply with SSR

96-8p and "explain why the [Medical Source Statement] was not adopted," (Doc. #14 at

8), that argument is refuted by the record.  Indeed, the ALJ specifically addressed Dr.

Nessouli's Medical Source Statement and his reason for not adopting it.  In his decision

the ALJ writes:

> The undersigned Administrative Law Judge, accords lesser weight to Dr.
> Nessouli's medica[l] assessment in Exhibits 5F and 9F, which indicates
> greater restrictions due to [McRae's] medical, condition, but no
> corroborating longitudinal treatment records to support such limitations.
> Additionally, there is no medical basis upon which to find greater
> restrictions as Dr. Nessouli so alleges and the record is absent of any

6

ongoing treatment since May 2005.

(Doc. #21).

McRae's assertion the ALJ "failed to provide reasons with requisite specificity for this medium RFC," (Doc. #14 at 8), is also unsupported by the record.  Four of the ALJ's nine-page decision are dedicated to his determination that McRae has the functional capacity to perform medium unskilled exertional work.  SSR 96-8p requires the ALJ to describe the evidence in support of his conclusion, by "citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  This is precisely what the ALJ did in this case.  After citing the medical facts and non-medical evidence, the ALJ set forth a detailed explanation of how he reached his conclusion regarding McRae's RFC.

The Court has reviewed the ALJ's RFC assessment and finds it was sufficiently formulated, and articulated, and substantial evidence supports his conclusion.

**B.    *Whether the ALJ failed to comply with SSR 02-01p.***

Next, McRae argues once the ALJ found obesity as a severe impairment, he failed to consider it and its effect on McRae's other medical impairments, in violation of SSR 02-1p.  This argument is not supported by the record.

Enacted in 2002 to supersede a 2000 policy guideline on the evaluation of obesity in disability claims, SSR 02-01p provides:

> We will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in

combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

It is clear from the record the ALJ did consider McRae's obesity in combination with her other impairments.  When determining McRae's RFC the ALJ noted:  the Southern Bone & Joint Specialist had encouraged McRae to start an exercise walking program and lose weight (Tr. 18);  Dr. Davis placed McRae on a walking program (*Id*.) (The walking program was recommended by Dr. Davis after he had found McRae was a "well-nourished female," whose abdomen was soft, obese, and non-tender.); and Doctor Willis V. Crawford (Dr. Crawford) reported her weight at 278 pounds without shoes and diagnosed McRae with exogenous obesity.  (Tr. 19)

Additionally, the ALJ specifically stated McRae "alleged that she is unable to work because of lumbar degenerative disc disease; osteoarthritis in the knees and joints; **and obesity** impairments.  The medical evidence shows that [McRae] does have medically determinable impairments, but the full record does not support her allegations of total disability." (Tr.  20) (emphasis added).  The ALJ continued:  "[t]here is no treating or examining physician that opined [McRae] would be precluded from performing work activity **at all exertional levels from a physical stand point** and [McRae]'s sparse medical treatment provides no basis to find greater restrictions than those cited above."  *Id*.  Thus, the record clearly demonstrates the ALJ properly considered McRae's obesity in making his determination.

**C.    Whether the ALJ failed to comply with 20 C.F.R. § 404.1527 in not according adequate weight to the opinion of McRae's treating physician.**

McRae argues the ALJ erred when he accorded lesser weight to treating physician Dr. Nessouli's opinion that McRae had moderately severe pain and other functional restrictions which would preclude her working.  Generally, a treating physician's opinion is entitled to substantial weight.  *See* 20 C.F.R. §§ 404.1527, 416.927 (2007); *see also Wilson v. Heckler*, 734 F.2d 513, 516 (11th Cir. 1984).  However, "[a] treating physician's report 'may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.'"  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*quoting Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991)).

Dr. Nessouli completed a Medical Source Statement form and a Clinical Assessment of Pain form, (Tr. 137-38), which indicated "greater restrictions due to [McRae's] medical condition."  The ALJ determined Dr. Nessouli's conclusions were not accompanied by objective medical evidence and thus entitled to lesser weight.  As the ALJ noted, Dr. Nessouli's clinical notes contained no corroborating longitudinal treatment records to support the doctor's conclusions (Tr. 21).   The ALJ also noted "there is no medical basis upon which to find greater restrictions as Dr. Nessouli so alleges and the record is absent of any ongoing treatment since May 2005."  *Id*.

In addition, Dr. Nessouli's conclusions were inconsistent with the other medical evidence in the record.  Dr. Bernard indicated he repeatedly released McRae to return to

9

work (Tr. 98, 99, 100).  Dr. Davis's notes showed he recommended McRae start a regular walking program and continue working regular duty (Tr. 114, 115).  Dr. Bracken's clinical notes indicated he would treat McRae's symptoms conservatively with medication and exercise (Tr. 175).[4]  McRae herself informed Dr. Davis she had returned to normal work activities.  (Tr. 114).  Thus, Dr. Nessouli's opinion was not supported by objective medical evidence and not entitled to controlling weight.  *Crawford*, 363 F.3d at 1159.  The ALJ's decision to not afford Dr. Nessouli controlling weight was in compliance with 20 C.F.R. § 404.1527 and supported by substantial evidence.

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED.  A separate order will issue.

DONE this 2nd day of July, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Dr. Bracken's report was dated 5 May 2006 and was not before the ALJ at the time of the hearing.  However, McRae urges the Court to consider Dr. Braken's report because it was considered by the Appeals Council.  *Ingram v. Comm'r. of Soc. Sec. Admin*. 496 F.3d 1253, 1262 (11th Cir. 2007) ("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.").